# EXHIBIT 6

BA3/235838

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF :
WILLIAM H. ARNOLD          BANKR. NOS. 94-5-5737
: and    93-5-5035 JS

: : : : : : : : : : : : : : : : :

WILLIAM H. ARNOLD :

v. : CIVIL NO. S 96-117

TERRY L. MUSIKA, Trustee :

O R D E R

For the reasons stated in the foregoing Memorandum Opinion, it is, this 19ᵗʰ day of March, 1996, by the Court, ORDERED:

1. That the orders of the bankruptcy court of December 21, 1995, from which this appeal was taken, are hereby AFFIRMED;

2. That costs and fees on this appeal BE, and they hereby ARE, awarded to the appellees; and

3. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties and to Bankruptcy Judge Schneider.

_____
Frederic N. Smalkin
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF<br>WILLIAM H. ARNOLD | : <br> : BANKR. NOS. 94-5-5737<br> and 93-5-5035 JS<br> : |
| : : : : : : : : : : : : : : : : | |
| WILLIAM H. ARNOLD | : |
| v. | : CIVIL NO. S 96-117 |
| TERRY L. MUSIKA, Trustee | : |

## MEMORANDUM OPINION

This matter is before the Court on the appeal of William H. Arnold from various orders of the Bankruptcy Court. Because the issues are so clear (but not, the Court might add, thanks to any clarity in the completed briefing, which is extraordinarily muddled), the Court dispenses with oral argument. B.R. 8012.

This appeal arises from the actions of the trustee in Mr. Arnold's voluntary Chapter 7 case (converted from a Chapter 11 case) in selling property that was owned by a partnership in which Arnold was, prior to his bankruptcy, a general partner. The sale was made with the consent of all of the limited partners, who had, subsequent to Arnold's personal filing, filed an involuntary petition against the partnership. The Bankruptcy Court approved the stipulation among the trustee and the limited partners to sell the assets of the partnership. Mr. Arnold has appealed from the various orders that brought about the sale of the property.

The first issue is whether Arnold's Chapter 7 trustee had the authority to enter into the contract of sale respecting Arnold's partnership interests. The answer is, obviously, yes. Although

the appellant correctly points out that, upon Arnold's Chapter 11 filing, he withdrew as a general partner by operation of law, Md. Corps. & Ass'ns Code Ann. § 10-402(e)(ii), it is clear that whatever interest -- whether legal or equitable -- Arnold had in the partnership at the moment of filing the petition and thereafter was property of his bankruptcy estate, to which the trustee succeeded in Arnold's stead. 11 U.S.C. § 541(a)(1). Whether or not Mr. Arnold continued to be a general partner under Maryland law is immaterial to whether, as a matter of federal law, the trustee was able to exercise the usual powers of a trustee over the assets of a debtor's estate, including Arnold's (at least) equitable interest in the partnership. The answer, quite obviously, is that the trustee, under his general powers as such, see 11 U.S.C. § 323(a), clearly had the power to dispose of Arnold's interest in the partnership, with the approval of the Bankruptcy Court, on appropriate terms and conditions, which he did when, with the consent of all the limited partners, he agreed to a sale of the partnership assets. See 11 U.S.C. § 363(b)(1).

The next issue on appeal is whether the Bankruptcy Court had jurisdiction to approve a sale of partnership property (titled to a tenancy in partnership) and approve a proposed distribution of the proceeds "contrary to the terms of the partnership agreement." This question appears to relate to the involuntary proceedings involving the partnership, rather than Arnold's personal petition. An underlying question, although not briefed, is whether Arnold had standing to answer the involuntary petition under 11 U.S.C. §

2

303(d). The general rule appears to be that all questions as to legal rights of partners under Chapter 11 are determined by reference to state law. See, e.g., In re Westover Hills, Ltd., 46 B.R. 300, 303 (Bankr. D. Wyo. 1985). Under 11 U.S.C. § 303(d), a general partner who does not join in the involuntary petition may file an answer thereto. The record shows that Mr. Arnold filed an answer on his own behalf, as a general partner. (Document No. 14 in Case No. 94-5-5737 JS). As noted above, when he had, earlier, filed his voluntary bankruptcy petition, Mr. Arnold ceased to be a general partner of the partnership under Maryland law. Thus, he has never properly been before the Bankruptcy Court, nor is he properly before this Court, with any objection to the involuntary bankruptcy petition against the partnership. Cf. In re Sunset Developers, 69 B.R. 710, 712 (Bankr. D. Idaho 1987).

Even if he were properly before the Court with his objection, it would have no merit. Clearly, the limited partners had sufficient colorable claims against the partnership to warrant their filing the involuntary petition. In any event, though, the question is moot, because Mr. Arnold did not have the status of a general partner entitling him to answer the involuntary petition when he did so.

Also, the Court has examined, but finds no merit in, the contention that the Bankruptcy Court also improperly approved the sale agreement. The order approving the sale of the partnership's real property (Paper #120) clearly recited the findings that showed that the sale was fair and equitable and in good faith, which are

3

not substantively challenged here. The Bankruptcy Court did not act for any improper purpose in approving the sale, and it properly exercised its discretion in so doing.

Finally, the Court finds no merit in the appellant's contention that the sale of the partnership property constituted a prohibited forfeiture against Arnold.

For the reasons stated, an Order will be entered separately affirming the orders of December 21, 1995 entered in the Bankruptcy Court by Judge Schneider, from which this appeal is taken.

                                                  Frederic N. Smalkin
                                                  United States District Judge

Dated: March 19th, 1996