IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| In re: | * | |
| WILLIAM H. ARNOLD, | * | Case No. 93-5-5035-JS |
| | | (Chapter 7) |
| Debtor. | * | |
| * * * * * * * | | |
| ALLAN J. CULVER, JR., | * | |
| Appellant | * | |
| v. | * | Case No. 03-CV-00476-AMD |
| TERRY L. MUSIKA, CHAPTER 7 TRUSTEE, | * | |
| | * | |
| Appellee. | | |
| | * | |
| * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
APPEAL OF ALLAN J. CULVER, JR. REGARDING
<u>FEE APPLICATION ORDER AND DISTRIBUTION ORDER</u>**

   Terry L. Musika, the Chapter 7 Trustee and Appellee herein, by and through his undersigned counsel, hereby files this Memorandum in Support of Motion to Dismiss Appeal of Allan J. Culver, Jr. Regarding Fee Application Order and Distribution Order (the "Memorandum"). As discussed in more detail below, Allan Culver's appeal must be dismissed because he has not been employed as counsel in the above-captioned bankruptcy case.

## INTRODUCTION

In this case, Culver appeals from Orders of the United States Bankruptcy Court for the District of Maryland entered on December 31, 2002 denying Culver's request for payment of professional fees and request that distributions not be made to creditors of the Debtor's bankruptcy estate. This appeal filed by Allan J. Culver, Jr. ("Culver") should be dismissed because as a matter of law he cannot be compensated for any professional services provided to the Debtor and he lacks standing to maintain this appeal.

## BACKGROUND

On July 23, 1993, William H. Arnold (the "Debtor"), who is now deceased, filed his Chapter 11 bankruptcy case, which was later converted to Chapter 7 upon the motion of the United States Trustee.

On the eve of the Chapter 7 Trustee making final distributions to unsecured creditors in the Debtor's bankruptcy case, Culver filed three papers in an attempt deny payments to creditors and to have himself paid a majority of the assets remaining in the Debtor's bankruptcy estate. On or about November 19, 2002, Culver filed his Objection of Allan J. Culver to Supplemental Final Report and Account of Trustee and Proposed Distribution (the "Objection to Distribution") and his Application for Allowance of Counsel Fees Pursuant to § 330(a) or in the Alternative as an Unsecured Claim (the "Fee Application"). Thereafter, on or about November 25, 2002, Culver filed his Application to Authorize Employment of Counsel Nunc Pro Tunc (the "Employment Application"), seeking belatedly to approve his employment as counsel to the Debtor

after the Debtor had died, after distributions had already begun and <u>nine years</u> after the work was allegedly performed.

Each of these papers plays a role in Culver trying to obtain assets from the estate. The Employment Application seeks Court approval of employment of Culver (nine years late) as the Debtor's bankruptcy counsel. Such approval is required for an attorney to be paid from assets of the estate. <u>See</u> 11 U.S.C. §§ 327 and 330. The Fee Application seeks approval of fees sought by Culver so that he may be paid pursuant to the Bankruptcy Code. <u>See</u> 11 U.S.C. § 330. Finally, the Objection to Distribution seeks to deny distributions to creditors so that Culver can try to use those funds to pay himself.

The Bankruptcy Court denied Culver's Fee Application by Order entered on December 31, 2002 (the "Fee Application Order," attached hereto as Exhibit 1) and overruled Culver's Objection to Distribution by a separate Order entered on December 31, 2002 (the "Distribution Order," attached hereto as Exhibit 2). The Bankruptcy Court denied Culver's Employment Application by Order entered on January 21, 2003 (the "Employment Application Order," attached hereto as Exhibit 3).

On January 10, 2003, Culver filed his Notice of Appeal with respect to the Fee Application Order and the Distribution Order, which Notice of Appeal is attached hereto as Exhibit 4. On February 5, 2003, Culver untimely filed his Notice of Appeal with respect to the Employment Application Order, which Notice of Appeal is attached hereto as Exhibit 5. In addition to this motion to dismiss, the Trustee has filed a motion to dismiss the appeal of the Employment Application Order.

# ARGUMENT

**1.  The Appeal of the Fee Application Order Should Be Dismissed.**

An attorney cannot be awarded compensation by a Bankruptcy Court absent that Court's approval of the attorney's employment.  Section 330(a)(1) of the Bankruptcy Code states in relevant part:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person <u>employed under section 327</u> or 1103—
>
> > (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney.

11 U.S.C. § 330 (emphasis added).

The Bankruptcy Court's Employment Application Order denied Culver's Employment Application.  Because Culver's employment as counsel has been denied, Culver's Fee Application cannot as a matter of law be approved.  Granting Culver's Fee Application would violate the requirement of the Bankruptcy Code that his employment be approved by the Bankruptcy Court before he can receive compensation from the bankruptcy estate.

Because the time to note an appeal of the Employment Application Order expired before Culver filed his Notice of Appeal of the Employment Application Order, the Employment Application Order is a final, non-appealable Order.  The Trustee has contemporaneously herewith filed a motion to dismiss the appeal of the Employment

Application Order, which appeal is pending in this Court as Allan J. Culver, Jr. v. Terry L. Musika, Chapter 7 Trustee, case no. 03-CV-00588-AMD.[1]

Notwithstanding the Trustee's many reasons for objecting to Culver's Employment Application, Fee Application and Objection to Distribution, the denial of approval of Culver's employment alone precludes awarding of any fees to Culver and is dispositive of the appeal now before this Court.[2]  The Bankruptcy Code simply does not permit awarding of fees to counsel whose employment has not been approved.

"Compliance with section 327(a) and Bankruptcy Rule 2014 mandates that an application for employment be filed with the court *prior to* performance of services by the professional sought to be employed."  3 Collier on Bankruptcy ¶ 327.01[1] (15th ed. revised 2002).  "The purpose of the rule requiring prior court authorization of employment is to provide the court with a means of control over administrative expenses."  Id. at ¶ 327.03.  See also In re Haley, 950 F.2d 588, 590 (9th Cir. 1991) ("purpose of the rule requiring prior court authorization of a professional's appointment is to eliminate volunteerism and thus aid the court in controlling estate administrative expenses" (citation omitted)).

---

[1] This is the second time that Culver has been involved in untimely noting an appeal in this case.  The District Court previously dismissed an untimely appeal filed by Culver from an Order of the Bankruptcy Court approving the Trustee's motion to sell assets of the bankruptcy estate.  See Memorandum Opinion and Order Dismissing Appeal entered June 29, 1998, attached hereto as Exhibit 6.

[2] The Trustee believes the Employment Application, Fee Application and Objection to Distribution were all properly denied by the Bankruptcy Court for the reasons set forth in the Trustee's various oppositions to same.  The Trustee does not waive any argument set forth therein or otherwise.  However, it is noteworthy that only two persons can seek approval of Culver's employment: the Trustee, who has not sought his employment, but rather opposes it, and the Debtor, who is deceased and never sought his employment.  See Fed. R. Bankr. P. 2014 ("An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee").

Not only has Culver violated this rule by applying some nine years late for approval of his employment, but his Employment Application has in fact been denied. As such, Culver cannot be employed in this bankruptcy case. That issue has been finally decided by the Bankruptcy Court's Employment Application Order and Culver's late Notice of Appeal of the Employment Application Order.

Bankruptcy Code § 330 requires that Culver, as a professional person seeking compensation from the bankruptcy estate, be authorized by the Bankruptcy Court to perform professional services. See 11 U.S.C. § 330. As explained in In re Tamojira, Inc., 210 B.R. 702 (Bankr. E.D. Va. 1995),

> [i]n the context of fee applications, the importance of obtaining prior approval for employment of an attorney or other professional pursuant to § 327 and Rule 2014(a) is made apparent in the application of § 330, which governs the awarding of fees and costs to attorneys and other professionals. . . . When read together, §§ 330, 327 and Rule 2014(a) clearly require that in order for an attorney or other professional to be awarded fees or costs under § 330, the attorney or professional's employment must have been previously approved by the bankruptcy court pursuant to § 327.

Id. at 705 (citing In re Tidewater Memorial Hosp., Inc., 110 B.R. 221, 225 (Bankr. E.D. Va. 1989); In re Mork, 19 B.R. 947, 948-49 (Bankr. D. Minn. 1982)). Culver cannot surmount the initial requirement that his employment be authorized and approved by the Bankruptcy Court and therefore cannot receive compensation for any services from the Debtor's bankruptcy estate. As stated in Tamojira, although the court reviewed and denied counsel's fee application on the merits in that case, the court's "denial of [counsel's] retroactive employment makes it unnecessary to consider his fee request." Id. at 706.

Because Culver has not performed services pursuant to appropriate authority under the Bankruptcy Code and in accordance with an Order of the Bankruptcy Court (see Lane v. Haytian Corp. of Am., 117 F.2d 216, 219 (2d Cir.), cert. denied, 313 U.S. 580 (1941)), he has forfeited any right to compensation from the Debtor's bankruptcy estate.  As such, he lacks standing to maintain this appeal and it must therefore be dismissed.

**2.      The Appeal of the Distribution Order Should Be Dismissed.**

Culver's appeal of the Distribution Order similarly should be dismissed. Culver sought to deny distributions of estate funds to creditors so that he could use those funds to pay himself.  Because the Bankruptcy Court denied Culver's Employment Application and Fee Application, he cannot receive compensation from the Debtor's bankruptcy estate and therefore has no pecuniary interest in the assets of this estate.  As such, Culver has no personal stake in the administration of this case and has no standing to be heard on this or any other issue in the bankruptcy case or on appeal.  Accordingly, because he lacks the requisite standing, Culver's appeal of the Distribution Order should also be dismissed.[3]

---

[3] The appeal of the Distribution Order should also be dismissed because, while Culver's Notice of Appeal (Exhibit 4) notes an appeal of the Fee Application Order and the Distribution Order, his Designation of the Record and Statement of Issues on Appeal Pursuant to Rule 8006, which was filed on January 21, 2003 (a copy of which is attached hereto as Exhibit 7), does not state any issue to be presented with respect to the Distribution Order.

## **CONCLUSION**

As Culver's employment has not been authorized in this bankruptcy case and he lacks standing to pursue this appeal, Culver's appeal of the Fee Application Order and the Distribution Order must be dismissed.

Dated: March 5, 2003.

/s/ Darek S. Bushnaq
Richard L. Wasserman
Federal Bar No. 02784
Darek S. Bushnaq
Federal Bar No. 25827
Venable, Baetjer and Howard, LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400

Attorneys for Terry L. Musika,
Chapter 7 Trustee